**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles B James, | No. CV-19-00088-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Alice Warren, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion for Reconsideration Re: Motion to Appoint Counsel (Doc. 19) and Plaintiff's Motion to Amend/Correct Amended Complaint (Doc. 21.) For the following reasons, the Court will deny both motions.

In his Motion for Reconsideration Re: Motion to Appoint Counsel, Plaintiff asks the Court to reconsider its previous order (Doc. 18) denying Plaintiff's first request for appointment of counsel (Doc. 19). Plaintiff states, in support of his request, that: (1) he is unable to afford counsel; (2) his incarceration limits his ability to litigate the complex issues in the case; (3) the paralegal at the prison does not provide him with the assistance he requires; and (4) appointed counsel would better enable Plaintiff to litigate his case. (*Id.*)

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have

been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). "Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time… and any specific modifications being sought in the Court's Order." *Id*.

Plaintiff's Motion for Reconsideration does not point out how the Court erred in its previous denial of Plaintiff's Motion to Request Appointment of Counsel. (Docs. 17, 18.) Nor does the Motion for Reconsideration bring to light any new facts or legal authority that would cause the Court to come to a different conclusion regarding appointment of counsel. Rather, Plaintiff repeats facts and arguments from his previous Motion to Request Appointment of Counsel that was denied by this Court. (*Id*.) Because the Motion for Reconsideration does not comply with LRCiv 7.2(g) and because Plaintiff has not shown a basis for the Court to reconsider its previous order, the Court will deny the Motion.

In his Motion to Amend/Correct the Amended Complaint (Doc. 21), Plaintiff requests leave to amend the Amended Complaint (Doc. 7). While Plaintiff cites to case law supporting granting leave to amend the Amended Complaint, he does not state what specific amendment he requests. Nor has Plaintiff attached or filed a copy of the proposed Second Amended Complaint.

Fed. R. Civ. P. 15(a) grants a party leave to amend its pleading once as a matter of course within 21 days of serving it. A second amendment will be granted only with the opposing party's consent or leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. More than 21 days have passed since service of the First Amended Complaint on Defendants. (Docs. 9, 11, 12.) Therefore, Plaintiff may not amend the Complaint as a matter of right. Because Plaintiff has not provided the Court with a proposed Second Amended Complaint in conjunction with the Motion or otherwise demonstrated to the Court what type of amendment he seeks, the Court will deny the Motion, with leave to refile.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration re: Motion to Appoint Counsel (Doc. 19) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct Amended Complaint (Doc. 21) is **denied with leave to refile**.

Dated this 24th day of February, 2020.

_____
Honorable Rosemary Márquez
United States District Judge