**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles B James, | No. CV-19-00088-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Alice Warren, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Charles B. James's Motion to Compel Discovery. (Doc. 34.) Defendant Shinn responded in opposition to the Motion. (Doc. 35.) For the following reasons, the Motion will be denied.

Plaintiff, who is incarcerated in the custody of the Arizona Department of Corrections ("ADOC") and is proceeding pro se in this action, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) On May 17, 2019, after Plaintiff's original Complaint was dismissed for failure to state a claim, Plaintiff filed a First Amended Complaint ("FAC"), alleging that Defendants violated the Eighth Amendment by denying him adequate medical care. (Doc. 7.) The Court's July 10, 2019 Screening Order required Defendants Ryan, Warren, and Switzer to answer the FAC. (Doc. 8.) Defendant Shinn was substituted for Defendant Ryan by Order dated January 28, 2020. (Doc. 20.) Per the Court's Scheduling Order, dated October 11, 2019, discovery was to

have been completed on or before March 9, 2020. (Doc. 16.) No parties have filed motions for extension of the discovery deadlines. Notably, the docket does not reflect any Notices of Service of Discovery. (*See* Doc. 16 at 2); LRCiv 5.2.

On February 10, 2020, the Court ordered Plaintiff to show cause why Defendant Switzer had not yet been served. (Doc. 22.) Plaintiff has not responded to the order to show cause, and Defendant Switzer will therefore be dismissed from this action.

Defendant Warren filed a Motion for Summary Judgment on April 6, 2020 (Doc. 26) and Defendant Shinn filed a Motion for Summary Judgment the following day (Doc. 29). Plaintiff was granted an extension of time in which to respond to Defendant Warren's Motion. (Doc. 33.) Defendant has not timely responded to either Motion for Summary Judgment, which remain pending before the Court. (Docs. 28, 31, 33.)

On June 17, 2020, Plaintiff filed the instant Motion to Compel. (Doc. 34.) Plaintiff states that he has requested his medical records numerous times from Defendants and that his requests "have been met with resistance and deception." (*Id*.) Plaintiff states that the Defendants have submitted "partial medical records" with their Motions for Summary Judgment but have refused to provide the records "that will show their neglect and lack of medical attention." (*Id*.) Plaintiff states that he is requesting his medical records from Kingman Regional Cancer Center ("Kingman").[1] (*Id*.)

The Court's Scheduling Order directs the parties not to file written discovery motions without leave of Court. (Doc. 16.) The Scheduling Order further sets a discovery deadline of March 9, 2020 and states that "no discovery shall take place after that date without leave of Court upon good cause shown." (*Id*.) Finally, the Scheduling Order directs parties to submit discovery disputes to the Court prior to the close of discovery and indicates that last minute discovery will be met with disfavor. (Doc. 16.)

---

[1] A review of the summary judgment record shows that Plaintiff received oncology treatment at Kingman while in ADOC custody. (Docs. 26, 27.) The medical records submitted as attachments to Defendant Warren's Statement of Facts ("SOF") appear to include only records from the facility where Plaintiff is incarcerated and some records from Banner Health. (*See* Doc. 27.) The facility records include numerous references to the Kingman records (*see* Docs. 27-3 at 1, 27-4 at 1, 27-7 at 1, 27-9 at 1), but the Kingman records themselves are not included in the attachments to the SOF.

Plaintiff has not complied with the discovery procedures set forth in the Court's October 11, 2019 Scheduling Order. Furthermore, Plaintiff filed the instant motion on June 17, 2020—over three months after the close of discovery—and he has failed to show good cause for extending the discovery deadline. Although Plaintiff asserts that his requests for the Kingman records were met with "resistance and deception," Defendant Shinn contends that he never received a written discovery request to produce Plaintiff's medical records as part of this litigation. (Doc. 35.) The record reflects an absence of any Notices of Service of Discovery filed by Plaintiff, and Plaintiff has not provided proof of any alleged discovery requests. Finally, Plaintiff has not explained how or why the Kingman records would be relevant to his claims or assist him in responding to the pending Motions for Summary Judgment. A vague assertion that the requested records will show "neglect and lack of medical attention" (Doc. 34), without more, is insufficient to convince the Court to compel Defendant Shinn to produce the records at this stage in litigation.

Accordingly,

**IT IS ORDERED** that Defendant Switzer is **dismissed without prejudice** from this action for failure to serve.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. 34) is **denied**.

Dated this 13th day of July, 2020.

Honorable Rosemary Márquez
United States District Judge